LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1382 GAF (OPx) | Date | September 29, 2010 |
|---|---|---|---|
| Title | Westwood Apex v. Jesus A Contreras et. al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**     (In Chambers)

## ORDER TO SHOW CAUSE

### I.  INTRODUCTION & BACKGROUND

　　　Plaintiff Westwood APEX ("APEX") filed suit against Defendant Jesus Contreras ("Contreras") for breach of contract in San Bernardino County Superior Court based on allegations that Contreras failed to pay all amounts due on his student loan note.  (Not., Ex. A [Complaint].)  Contreras answered APEX's complaint (id., Ex. B [Answer]), and filed a class action cross-complaint against APEX and several other defendants—George Burnett, William Ojile, Alta Colleges, Inc., Westwood Colleges, Inc. Trav Corporation, Grant Corporation, Wesgray Corporation, and Bounty Island Corporation (collectively, "Cross-Defendants").  (Id., Ex C [Cross Complaint].)  Contreras's cross-complaint alleges that Cross-Defendants' operation of for-profit college campuses violates California Business and Professions Code §§ 1750, et seq., 17200, et seq., and the Maxine Waters School Reform and Student Protection Act of 1989, § 94850, et. seq.  Subsequently, all Cross-Defendants, except APEX, joined in removing the case to this Court under the Class Action Fairness Act of 2005 ("CAFA").  (Id., Docket No. 1.)  Cross-Defendants have failed to persuade this Court that they have authority to remove the case as cross-defendants under CAFA's removal provision, 28 U.S.C. § 1453(b).  Cross-Defendants are therefore **ORDERED TO SHOW CAUSE** why the case has been properly removed.

### II.  DISCUSSION

　　　The law in the Ninth Circuit is currently unsettled on the present issue.  The Ninth Circuit has yet to decide whether state-court cross-defendants, joined by way of a cross-complaint,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1382 GAF (OPx) | Date | September 29, 2010 |
|---|---|---|---|
| Title | Westwood Apex v. Jesus A Contreras et. al. | | |

qualify as defendants under section 1453. Section 1453 provides in pertinent part:

> (b) A class action may be removed to a district court of the United States
> in accordance with section 1446... without regard to whether any defendant
> is a citizen of the State in which the action is brought, except that such
> action may be removed by any defendant without the consent of all defendants.

28 U.S.C. § 1453(b).

Section 1446, in turn, sets forth the removal procedures for "a defendant or defendants desiring to remove any civil action... from a State court." 28 U.S.C. § 1446(a). Although the Ninth Circuit has not decided the present issue, it has addressed related issues arising under CAFA. In Progressive West Ins. Co. v. Preciado, the Ninth Circuit held that a state-court plaintiff/cross-defendant is not a "defendant" for purposes of section 1453. 479 F.3d 1014, 1018 (9th Cir. 2007).

In Progressive West, the court rejected the argument that CAFA's purpose of increasing class litigants' access to federal courts favors an interpretation that would confer on a plaintiff forced to defend a class action cross-complaint the same removal rights granted a class action defendant. Id. at 1017. The court's conclusion rested on the Supreme Court's holding in Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941), which interpreted the provision in former removal statute 28 U.S.C. § 71 allowing an action to be removed "by the defendant or defendants" as precluding a plaintiff/cross-defendant from removing an action on the basis of a counterclaim. Id. The court reasoned that although CAFA did eliminate three significant barriers to removal for qualifying class actions, CAFA did not create an exception to Shamrock's longstanding rule that a plaintiff/cross-defendant cannot remove an action to federal court. Id.

The Progressive West court found support for its position in an earlier decision in which it "declined to construe CAFA more broadly than its plain language indicates." Id. at 1018 (see Abrego v. Dow Chem. Co., 443 F.3d 676 (9th Cir. 2006) (per curiam)). In Abrego, the Ninth Circuit held that under CAFA the burden of establishing removal jurisdiction remained, as before, on the proponent of federal jurisdiction. Id. at 685. In support of its conclusion, the court noted that:

> CAFA contains a series of modifications of existing principles of federal
> subject matter jurisdiction, both statutory and judge-created. CAFA thus
> evidences detailed appreciation of the background legal context. Given the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1382 GAF (OPx) | Date | September 29, 2010 |
|---|---|---|---|
| Title | Westwood Apex v. Jesus A Contreras et. al. | | |

    care taken in CAFA to reverse *certain* established principles but not others, the usual presumption that Congress legislates against an understanding of pertinent legal principles has particular force.

443 F.3d at 684 (emphasis in original).

    Unlike the Ninth Circuit, the Fourth Circuit has directly addressed the issue of whether a counter-defendant,[1] joined by way of a counterclaim, may remove the case to federal court under CAFA. See Palisades Collections, LLC v. Shorts, 552 F.3d 327, 328 (4th Cir. 2008). In Palisades, the counter-defendant seeking removal argued that the case was removable under 28 U.S.C. § 1441(a) or, in the alternative, § 1453(b) constituted a separate removal power authorizing removal of the case. Id. at 330. The Fourth Circuit disagreed, holding that removal under § 1441(a) was improper because an additional counter-defendant is not a "defendant" for purposes of § 1441(a). Id. at 333. That Court also found support for its decision in Shamrock Oil's narrow interpretation of the phrase "the defendant or the defendants," and other circuits' application of Shamrock Oil in refusing to grant removal power under § 1441(a) to third party defendants. Id. at 332-33.

    In the Notice of Removal, Cross-Defendants contend that removal is proper because "§§ 1332 and 1453 of CAFA allow removal by any defendant, including counter-defendants, and grants original jurisdiction to district courts over class actions when the other jurisdictional requirements are met." (Not. at 6.) Cross-Defendants rely on Deutsche Bank Nat'l Trust v. Weickert, et al., 638 F. Supp.2d 826 (N.D. Ohio 2009) and Judge Niemeyer's dissenting opinion in Palisades for support. The Weickert court held that the "plain text of CAFA, and the expressed congressional purpose in passing the statute," supported its conclusion that "28 U.S.C. § 1453(b) authorizes class-action defendants, joined by way of a counterclaim, to remove to federal court." 638 F. Supp.2d at 830. The express congressional purpose referenced by the court was Congress' intent "to open the federal courts to qualifying class actions." Id.

### III.  CONCLUSION

    Because the authority on which Plaintiff/Cross-Defendants rely in support of their removal petition appears in conflict with Ninth Circuit authority, and because the issue of subject matter jurisdiction is fundamental to the ability of this Court to preside over the present

---

[1] Counter-defendants and cross-defendants in the context of the present issue are both third party defendants and thus, the analysis for purposes of removal under CAFA is the same.

LINK: 1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-1382 GAF (OPx) | Date | September 29, 2010 |
|---|---|---|---|
| Title | Westwood Apex v. Jesus A Contreras et. al. | | |

case, the issue must be further explored before the Court will accept the removal of the action to federal court.  Accordingly, Cross-Defendants are **ORDERED TO SHOW CAUSE** why removal is proper.  Cross-Defendants must submit a written memorandum, not exceeding 15 pages, explaining why removal is proper to the Court no later than the close of business on **Friday, October 15, 2010**.  Plaintiff may file a responsive memorandum, not to exceed 15 pages, no later than the close of business on **Friday, October 22, 2010**.  The Court will thereafter take the matter under submission and will notify the parties if it wishes to hear argument on the issue.

   **IT IS SO ORDERED.**