JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1382 GAF (OPx) | Date | November 4, 2010 |
|---|---|---|---|
| Title | Westwood Apex v. Jesus A Contreras et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Chris Silva for Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:** (In Chambers)

<u>ORDER REMANDING CASE</u>

**I. INTRODUCTION & BACKGROUND**

  Plaintiff Westwood Apex ("Westwood Apex") filed suit against Defendant Jesus Contreras ("Contreras") for breach of contract in San Bernardino Superior Court based on allegations that Contreras failed to pay amounts due on his student loan note. (Not., Ex. A [Complaint].) Contreras answered Westwood Apex's complaint and filed a class action cross-complaint against Westwood Apex and several additional defendants—George Burnett; William Ojile; Alta Colleges, Inc.; Westwood College, Inc.; Trav Corporation; Grant Corporation; Wesgray Corporation; Bounty Island Corporation (collectively, "Cross-Defendants"). (<u>Id.</u>, Ex. B [Answer]; Ex. C [Cross-Complaint].) Contreras's cross-complaint alleges that Cross-Defendants violated the Consumers Legal Remedies Act, Cal. Bus. & Prof. Code § 1750 et seq., California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq., and the Maxine Waters School Reform and Student Protection Act by engaging in unfair and deceptive practices in connection with their operation of for-profit college campuses. (Cross-Compl. at 26, 30, 32.)

  On September 10, 2010, all Cross-Defendants except Westwood Apex joined in removing the case to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"). (Not. at 1.) On September 29, this Court issued an Order to Show Cause why the case had been properly removed under CAFA, 28 U.S.C. § 1453(b). The Court has now received responses from the removing Cross-Defendants and from Contreras. Having considered the parties' arguments, the Court **REMANDS** the case to the San Bernardino Superior Court because removal was not authorized by CAFA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1382 GAF (OPx) | Date | November 4, 2010 |
|---|---|---|---|
| Title | Westwood Apex v. Jesus A Contreras et al. | | |

**II. DISCUSSION**

CAFA provides in pertinent part:

> A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(b) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants.

28 U.S.C. § 1453(b). Section 1446, in turn, provides the procedures that "[a] defendant or defendants desiring to remove any civil action . . . from a State court" must follow to remove an action to federal court. See id. § 1446. Here, the Court must decide whether § 1453(b) allows cross-defendants who are not plaintiffs in the original action to remove a class action to federal court.

**A. BACKGROUND LAW**

In Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941), the Supreme Court construed a predecessor removal statute to preclude a cross-defendant that was originally a plaintiff in the state action from removing. Id. at 104, 107–08. That version of the removal statute, like the current version,[1] allowed removal "by the defendant or defendants." Id. at 104. The Court took particular note of the fact that the prior removal statute allowed removal by "either party" and reasoned that the change to allow removal "by the defendant or defendants" reflected Congress's intent to narrow the availability of removal. Id. at 106–07. In support of this conclusion, the Court pointed to congressional policy "calling for strict construction" of removal statutes. Id. at 108.

The Ninth Circuit has extended application of the Shamrock Oil rule to cases involving plaintiff/cross defendants removed under CAFA. Progressive West Ins. Co. v. Preciado, 479 F.3d 1014, 1015 (9th Cir. 2007). That case addressed whether § 1453(b) departed from Shamrock Oil's rule barring removal by a plaintiff/cross-defendant in cases where a plaintiff is subject to a class action counterclaim. The court concluded that CAFA

---

[1] The current version is slightly different, referring to "the defendant or the defendants." 28 U.S.C. § 1441(a) (emphasis added). This difference is not material.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1382 GAF (OPx) | Date | November 4, 2010 |
|---|---|---|---|
| Title | Westwood Apex v. Jesus A Contreras et al. | | |

did not allow a such a plaintiff/cross-defendant to remove.² Id. at 1017–18.  The court noted that § 1453(b) allows a class action to be removed to federal court "in accordance with section 1446," which sets forth the removal procedure for "[a] <u>defendant or defendants</u> desiring to remove any civil action . . . from a State court." Id. (quoting 28 U.S.C. § 1446(a)) (emphasis added in <u>Progressive West</u>).  From that, the court concluded that "[t]he interpretation of 'defendant or defendants' for purposes of federal removal jurisdiction continues to be controlled by <u>Shamrock</u>, which excludes plaintiff/cross-defendants from qualifying [as] 'defendants.'" Id. at 1018.

These cases, however, do not control the case before this Court, which presents the question whether § 1453(b), enacted by CAFA, changes the background rule to allow a <u>non-plaintiff</u> third-party defendant to remove a class action to federal court.  Although the Court has found no Ninth Circuit precedent on point, in non-CAFA cases most courts have extended the <u>Shamrock Oil</u> rule also to bar removal by a third-party defendant, i.e. a defendant who was <u>not</u> the original plaintiff.  See, e.g., <u>Palisades Collections LLC v. Shorts</u>, 552 F.3d 327, 332 (4th Cir. 2008) ("For more than fifty years, courts applying <u>Shamrock Oil</u> have consistently refused to grant removal power under § 1441(a) to third-party defendants— parties who are not the original plaintiffs . . . ."); <u>Schmidt v. Ass'n of Apartment Owners of Marco Polo Condominium</u>, 780 F. Supp. 699, 704 (D. Haw. 1991); Charles Alan Wright & Arthur R. Miller et al., <u>Federal Practice and Procedure</u> § 3730 (4th ed. 2010) (noting that third-party defendants brought into the state action by the original defendant cannot exercise the right to remove claims to the federal court, "although there is some authority to the contrary in the Fifth Circuit and in at least one district court decision in the Eleventh Circuit"); see also <u>O'Halloran v. Univ. of Wash.</u>, 856 F.2d 1375, 1381 (9th Cir. 1988) (declining to reach "the interesting question whether third-party defendants are defendants for purposes of the removal statute").

The Court must therefore determine whether the principle articulated in these decisions extends to CAFA removal of cross-complaints brought against non-plaintiff third party defendants.

**B. STATUTORY CONSTRUCTION**

Cross-Defendants contend that § 1453 departs from the background rule because it refers to "any defendant" rather than "the defendant or the defendants."  (Cross-Defendants'

---

² This conclusion was technically dicta, as the court first held that removal was not available because the cross-complaint was filed before CAFA's effective date.  Id. at 1017.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1382 GAF (OPx) | Date | November 4, 2010 |
|---|---|---|---|
| Title | Westwood Apex v. Jesus A Contreras et al. | | |

Resp. to OSC at 1.) In particular, they argue that "any" has an expansive meaning and thus that "any defendant" must include cross-defendants. (Id. at 4–5.) Contreras responds that "any" does not broaden the definition of the word "defendant" to include parties that do not qualify as "defendants" under Shamrock Oil. (Cross-Plaintiff's Resp. to OSC at 2.)

Although the phrase "any defendant" may be ambiguous out of context, the Court concludes that, in context, the use of the word "any" to modify "defendant" does not alter the background rule that a "defendant" for purposes of the removal statutes refers only to an original defendant. The phrase "any defendant" appears twice in § 1453(b). First, that section provides that a class action may be removed "without regard to whether any defendant is a citizen of the State in which the action is brought." 28 U.S.C. § 1453(b). This provision makes § 1441(b)'s rule barring a defendant who is a citizen of the forum state from removing an action to federal court inapplicable to class actions. There is no basis to conclude that that use of "any defendant" somehow also abrogates the background rule allowing only original defendants to remove. Second, the statute provides that a class action "may be removed by any defendant without the consent of all defendants." Id. This provision eliminates for purposes of class actions the general rule requiring all defendants to consent to removal. Again, there is no reason to conclude that it also expands the category of defendants who can remove in the first instance.

Two canons of construction support this conclusion. First, "removal statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008). Contrary to Cross-Defendants' suggestion (Cross-Defendants' Resp. to OSC at 10), this rule of strict construction applies equally to removals under CAFA. See id. (applying strict construction rule in CAFA case). Second, the Ninth Circuit has held that "the usual presumption that Congress legislates against an understanding of pertinent legal principles has particular force" when interpreting CAFA because that statute's inclusion of "a series of modifications of existing principles of federal subject matter jurisdiction . . . evidences detailed appreciation of the background legal context." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 684 (9th Cir. 2006). Because Congress did not explicitly eliminate the original defendant rule for class actions while explicitly departing from other background rules, this Court will not read into the statute a congressional intent to eliminate this rule opaquely by using the phrase "any defendant."

Cross-Defendants object that this reasoning misunderstands the origins of the rule requiring defendant unanimity for removal. Specifically, Cross-Defendants point out that the rule of unanimity derives from the predecessor removal statute, which, like the current one, allowed for removal by "the defendant or defendants therein." See Chicago, R. I. & P. Ry.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1382 GAF (OPx) | Date | November 4, 2010 |
|---|---|---|---|
| Title | Westwood Apex v. Jesus A Contreras et al. | | |

Co. v. Martin, 178 U.S. 245, 247–28 (1900).  Thus, the unanimity rule and the original defendant rule both stem from the phrase "the defendant or defendants" in the removal statute.  From that, Cross-Defendants reason that if § 1453(b) eliminates the rule of unanimity, it must necessarily also displace Shamrock Oil's original defendant rule.  (Cross-Defendants' Resp. to OSC at 6.)  This does not follow, however.  Section 1453(b) does not depart from the unanimity rule by using the phrase "any defendant" in place of "the defendant or defendants."  Rather, it displaces that rule explicitly, by providing that a case "may be removed by any defendant without the consent of all defendants."  28 U.S.C. § 1453(b) (emphasis added).  It does nothing to similarly abrogate the original defendant rule.  Moreover, if § 1453(b) did displace the original defendant rule, it would displace it for all kinds of defendants, including counter-defendants who were the original plaintiff, as there is certainly no basis to read "any defendant" as meaning "any original defendant or third-party defendant but not a counter-defendant."  This result, however, is foreclosed by the Ninth Circuit's decision in Progressive West, 479 F.3d at 1017–18.

     Cross-Defendants next object that § 1453(b) does not incorporate § 1441, the section containing the reference to "the defendant or the defendants" from which the original defendant rule arose.  (Cross-Defendants' Resp. to OSC at 8.)  Rather, they contend, § 1453(b) incorporates only § 1446, which refers more broadly to "[a] defendant or defendants."  28 U.S.C. § 1446 (emphasis added).  This argument, however, necessarily implies that § 1441's provision limiting removal to cases "of which the district courts of the United States have original jurisdiction" would not apply to removals under § 1453(b).  Thus, under Cross-Defendants' reading of § 1453(b) as standing independent from § 1441, § 1453(b) would authorize removal of class actions without regard to whether the district court would have original jurisdiction over that action.  Congress plainly did not intend such a result.

     Finally, Cross-Defendants urge that CAFA's legislative history supports construing § 1453(b) to allow non-plaintiff cross-defendants to remove class actions.  (Cross-Defendants' Resp. to OSC at 9–11.)  They point to CAFA's general purpose of expanding the ability of class action defendants to remove in order to ensure that cases of national importance could be heard in federal court and to prevent plaintiffs' lawyers from forum shopping.  Notably absent from Cross-Defendants' reference to legislative history is any indication that Congress intended to depart from the original defendant rule.  Particularly given the mandate that removal statutes be strictly construed against removal, the general legislative history that Cross-Defendants cite does not demonstrate that § 1453(b) grants it the power to remove this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1382 GAF (OPx) | Date | November 4, 2010 |
|---|---|---|---|
| Title | Westwood Apex v. Jesus A Contreras et al. | | |

### C. PERSUASIVE AUTHORITY

All but one of the courts to have considered this issue have concluded that CAFA's § 1453(b) does not authorize a non-plaintiff third-party defendant to remove a class action to federal court. See Palisades Collections LLC v. Shorts, 552 F.3d 327, 336 (4th Cir. 2008); U.S. Bank Nat'l Ass'n v. Adams, – F. Supp. 2d –, No. 3:10cv555, 2010 WL 3022445, *4 (N.D. Ohio Aug. 2, 2010) (Carr, J.); Liberty Credit Servs. v. Yonker, No. 5:10-cv-00838, 2010 WL 2639903, *4 (N.D. Ohio June 29, 2010) (Dowd, J.); Capital One Bank (USA) N.A. v. Jones, 710 F. Supp. 2d 630, 633 (N.D. Ohio 2010) (Gwin, J.); Citibank (South Dakota), N.A. v. Duncan, No. 2:09-cv-868, 2010 WL 379869, *3 (M.D. Ala. Jan. 25, 2010); Wells Fargo Bank v. Gilleland, 621 F. Supp. 2d 545, 548–49 (N.D. Ohio 2009) (Katz, J.). But see Deutsche Bank Nat'l Trust Co. v. Weickert, 638 F. Supp. 2d 826, 829 (N.D. Ohio 2009) (Zouhary, J.) (concluding that "CAFA expanded removal authority to include parties added as counterclaim defendants to a class action by authorizing removal by 'any defendant,' rather than 'the defendant'" (emphasis in original)). This near-unanimous authority bolsters the Court's conclusion that Cross-Defendants were not authorized to remove this case to this Court.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that removal was not proper and accordingly **REMANDS** this case to the San Bernardino Superior Court.

**IT IS SO ORDERED.**